| | |
|---|---|
| 1 | STEVE W. BERMAN |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Fifth Avenue, Suite 2900 |
| 3 | Seattle, WA 98101<br>Telephone: (206) 623-7292 |
| 4 | Facsimile: (206) 623-0594<br>Steve@hbsslaw.com |
| 5 | REED KATHREIN (SBN 139304) |
| 6 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202 |
| 7 | Berkeley, CA 94710<br>Telephone: (510) 725-3000 |
| 8 | Facsimile: (510) 725-3001<br>Reed@hbsslaw.com |
| 9 | -and-<br>LEE M. GORDON (SBN 174168) |
| 10 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>700 South Flower St., Suite 2940 |
| 11 | Los Angeles, CA 90017-4101<br>Telephone: (213) 330-7150 |
| 12 | Facsimile: (213) 330-7152<br>Lee@hbsslaw.com |
| 13 | *Attorneys for Plaintiff* |
| 14 | *and the Proposed Class* |

FILED 2008 DEC 15 PM 4:04 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

No. CV  CV08-8260 SVW FMOx

| | |
|---|---|
| MICHAEL CHALEFF, On Behalf Of Himself And All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, STANLEY CHAIS, AND THE BRIGHTON COMPANY<br><br>　　　　　　　　　　Defendants. | CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Michael Chaleff ("Plaintiff" or "Michael Chaleff") files this Class Action Complaint against Defendants Bernard L. Madoff ("Madoff"), Bernard L. Madoff Investment Securities ("BMIS"), Stanley Chais ("Chais"), and the Brighton Company ("Brighton") (collectively "Defendants"). Plaintiff alleges the following based upon the investigation of Plaintiff's counsel. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I. NATURE OF ACTION

1. This matter involves a massive and unprecedented Ponzi-scheme. Over the past several years, Defendants have amassed billions of dollars in private investments. For years, Defendants have been fraudulently paying returns to certain investors out of the principal received from other investors. As a result, Defendants have accumulated nearly $50 billion dollars in liabilities, and have defrauded investors of their investments.

2. In effect, Defendants represented to investors that Defendants would use the investor funds for investing in the securities market, and that the investors would share in the profits from such investments. Defendants promised high monthly returns typically in excess of 10% of the investment profits.

3. Defendants also represented and reported that existing investors were making large profits on their investments, thereby encouraging further investments from new and existing investors.

4. In truth, Plaintiff and other members of the proposed Class were not sharing in true returns on their investments in the securities market. Instead, Defendants systematically stole investor funds for their personal use and for making payments to other investors in order to create the false appearance of high returns on investments ("Ponzi Payments").

5. By reason of these activities, each Defendant has violated Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 78(t)(a)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

6. As of December 12, 2008, the Securities and Exchange Commission ("SEC") has been granted emergency relief to halt the ongoing fraud and preserve any assessts for injured investors, including orders freezing assets, appointing a receiver, allowing expedited discovery, preventing destruction of documents and requiring defendants to provide veified accountings.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act [15 U.S.C. § 78(aa)]. Defendants, directly and indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the acts, practices and unlawful scheme described in this Complaint.

8. Venue is proper pursuant to 28 USC § 1391. Some of the transactions, acts, and practices described herein occurred within the jurisdiction of the Central District of California, and additionally, Defendants Chais and Brighton are located in this District and have contributed to the fraudulent scheme in this District.

## III. PARTIES

9. Plaintiff Michael Chaleff is an individual residing in Arlington County, Virginia. Michael Chaleff had money invested through CMG, Ltd., a California-based limited partnership ("CMG") located in Los Angeles, California. Plaintiff's investment appears to have been taken by Defendants and used as part of the Ponzi-scheme described herein. Plaintiff thereby has been damaged.

10. For many years, CMG has provided all of its investment capital to Defendant Stanley Chais acting as General Partner of Defendant the Brighton Company ("Brighton"). Plaintiff is informed and believes that CMG has provided about $75 million to $80 million worth of investment capital to Brighton.

11. Defendant Stanley Chais is believed to be a resident of Beverly Hills, California. He is acting, and has been acting as the General Partner of Brighton. In that role, Chais has engaged in investment activities using funds from investor groups like CMG. Chais is believed to have engaged in similar investment activities with investment funds provided by other partnerships as well.

12. Defendant Brighton is believed to be a California-based limited partnership, with its General Partner, Stanley Chais, residing in Beverly Hills, California. Brighton appears to be engaged in the business of managing investments for various investor groups. Plaintiff is informed and believes that Brighton collected capital from about 10 investment groups, including CMG, worth at least $250 million dollars.

13. Defendant Bernard L. Madoff is a resident of New York, New York. He is a former chairman of the Board of Directors of the Nasdaq stock market. He controls the investment adviser services and finances at BMIS, and he is the sole owner of BMIS, a company which Madoff appears to have founded in the 1960s.

14. Defendant BMIS is a broker-dealer and investment adviser registered with the SEC. BMIS formally engages in three operations, which include investment adviser services, market making services, and proprietary trading. According to the BMIS website, BMIS recently ranked among the top 1% of US Securities firms.

15. In January 2008, BMIS filed a Form ADV with the SEC, stating that BMIS had over $17 billion in assets under management. BMIS represented that its trading strategy for adviser accounts involved trading in baskets of equity securities and options thereon.

-3-
CLASS ACTION COMPLAINT

16. Defendants Chais and Brighton accepted substantial fees for managing all of CMG's investment capital. At the same time, Defendants Chais and Brighton gave the entirety of CMG's investment capital to Defendants Madoff and BMIS. Plaintiff therefore presumes that all Defendants collectively were involved in the false, misleading, unlawful, unfair, and fraudulent acts and practices associated with the Ponzi-scheme alleged herein.

17. Defendants Chais and Madoff are collectively referred to as the "Individual Defendants."

18. Each Defendant had a duty to the putative class members to use and manage their investment funds with due care, and to disseminate accurate and truthful information with respect to the use and management of such funds.

19. Each Defendant participated in the Ponzi-scheme complained of herein and/or was aware of, or recklessly disregarded, the misuse and mismanagement of investment funds belonging to Plaintiff and the proposed Class, and/or was aware of, or recklessly disregarded, the material misstatements or omissions associated with the Ponzi-scheme alleged herein.

20. Each of the Defendants is liable as a participant in a fraudulent scheme that operated as a fraud or deceit on purchasers and holders of securities, including Plaintiff and other members of the proposed Class.

## IV. GENERAL ALLEGATIONS

21. Defendants have plundered the investments of Plaintiff and the putative Class by using the invested capital in a giant Ponzi-scheme ultimately conducted by or through Defendant BMIS.

22. In the first week of December 2008, a senior BMIS employee apparently understood that the company's investment advisory business had between $8 billion and $15 billion in assets under management. On or about December 9,

1   2008, Madoff informed another senior employee that Madoff wanted to pay early
2   bonuses to BMIS employees.

3   23. On or about December 10, 2008, the two senior employees met with Madoff at his apartment in Manhattan. At that time, Madoff informed them that, in substance, his investment advisory business was a fraud. Madoff is reported to have stated that <u>he was "finished," that he had "absolutely nothing," that "it's all just one big lie" and that the business was "basically, a giant Ponzi-scheme."</u>

24. In substance, Madoff admitted that he had for years been paying returns to certain investors out of the principal received from other investors. Madoff also stated that BMIS was insolvent, and that it had been for years. Madoff also estimated the losses from this fraud to be approximately $50 billion dollars.

25. Madoff further informed the two senior employees that he planned to surrender to authorities, but first, he still had about $200 million to $300 million dollars left, and he intended to distribute it to certain selected employees, family, and friends.

26. On or about December 12, 2008, Chais informed the partners of CMG that the man handling all of their funds on Wall Street was Bernard Madoff of BMIS, and that all of their money has been lost as part of the Ponzi-scheme.

27. As a result of this scheme, Defendants wrongfully acquired investment capital from Plaintiff and other members of the proposed Class.

28. In addition, Defendants materially misled putative class members by providing them with false and misleading statements about their investment returns and/or concealing the Ponzi-scheme from them. At all relevant times, the alleged misrepresentations and/or concealment of material facts induced the putative Class members to invest their capital with, and to maintain their investments with, Defendants. As a result, the investment capital acquired from Plaintiff and other putative Class members is reported to be lost.

29. All Defendants knew that their representations about their investment activities were materially false and misleading, and knew that their concealment of the true nature and status of the investments would materially mislead putative class members. Defendants also knowingly and substantially participated or acquiesced in the unlawful and fraudulent manipulation of investment capital placed with them for investment in the securities market.

## V. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a proposed Class consisting of all persons or entities: (i) who had invested capital in or through Defendant Chais or Defendant Brighton, (ii) who had such capital invested with Defendant Madoff or Defendant BMIS as of December 12, 2008, and (iii) who were damaged thereby. Excluded from the proposed Class are Defendants, the officers, directors, and employees of BMIS and Brighton, and members of their immediate families or their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

31. The members of the proposed Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are several hundred, if not thousands, of members in the proposed Class. There were more than 50 investors through CMG alone. Other members of the proposed Class may be identified from records maintained by the Defendants.

32. Plaintiff's claims are typical of the claims of the members of the proposed Class as all members of the proposed Class are similarly affected by

Defendants' wrongful conduct in violation of the federal securities laws, as alleged herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the proposed Class and has retained counsel competent and experienced in class and securities litigation.

34. Common questions of law and fact exist as to all members of the proposed Class and predominate over any questions solely affecting individual members of the proposed Class. Among the questions of law and fact common to the proposed Class are:

    a. whether the federal securities laws were violated by Defendants' acts and scheme as alleged herein;

    b. whether statements or omissions made by Defendants to investors misrepresented material facts about the investments; and

    c. to what extent the members of the Class have sustained damages, and the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joining all members is impracticable. There will be no difficulty in the management of this action as a class action.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM:**
**VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT OF 1934 AND RULE 10B-5 PROMULGATED THEREUNDER**
**AGAINST ALL DEFENDANTS**

36. Paragraphs 1 thorough 35 are realleged and incorporated by reference as if set forth fully herein.

37. Defendants, directly or indirectly, by the use of means or instrumentalities of interstate commerce or of the mails, have used or employed, in connection with the purchase or sale of securities, a manipulative and/or deceptive Ponzi-scheme in contravention of SEC rules and regulations.

38. Defendants knew and/or deliberately disregarded that they had concealed the true nature of their investment management activities and the fraudulent Ponzi-scheme described herein.

39. Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of securities.

40. Plaintiff and other members of the proposed Class would not have invested in or through Defendants, or maintained their capital investments with Defendant BMIS, if they had been aware of the true nature of Defendants' investment management activities and the fraudulent Ponzi-scheme.

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the proposed Class suffered damages in connection with their purchases of securities through BMIS and the resulting loss of their investment capital.

42. By reason of the activities described herein, the Defendants have violated Section 10(b) of the Exchange Act [15 USC Section 78j(b)] and Rule 10b-5 [17 CFR Section 240.10b-5] thereunder.

## SECOND CLAIM:
## VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT OF 1934
## AGAINST THE INDIVIDUAL DEFENDANTS

43. Paragraphs 1 thorough 42 are realleged and incorporated by reference as if set forth fully herein.

44. The Individual Defendants are liable as controlling persons within the meaning of Section 20(a) of the Exchange Act.

45. Madoff acted as a controlling person of BMIS within the meaning of Section 20(a) of the Exchange Act as alleged herein. Because of his position as an officer and/or director of BMIS, and as the sole owner of BMIS, Madoff had the power and authority to cause BMIS to engage in the wrongful conduct complained of herein. Because of such conduct, Madoff is liable pursuant to Section 20(a) of the Exchange Act.

46. Chais acted as a controlling person of Brighton within the meaning of Section 20(a) of the Exchange Act as alleged herein. Because of his position as General Partner of Brighton, Chais had the power and authority to cause Brighton to engage in the wrongful conduct complained of herein. Because of such conduct, Chais is liable pursuant to Section 20(a) of the Exchange Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages

| | |
|---|---|
| 1 | sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, |
| 2 | including interest thereon; |
| 3 |     C.    Awarding Plaintiff and the Class their reasonable costs and expenses |
| 4 | incurred in this action, including counsel fees and expert fees; and |
| 5 |     D.    Such other and further relief as the Court may deem just and proper. |

DATED: December 15, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
LEE M. GORDON

700 South Flower St., Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

REED KATHREIN (SBN 139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (501) 725-3001

*Attorneys for Plaintiff and the Proposed Class*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

DATED: December 15, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
LEE M. GORDON

700 South Flower St., Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

REED KATHREIN (SBN 139304)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (501) 725-3001

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Michael Chaleff ("Plaintiff") declares as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed a complaint alleging securities fraud against Defendants Bernard L. Madoff ("Madoff"), Bernard L. Madoff Investment Securities ("BMIS"), Stanley Chais ("Chais"), and the Brighton Company ("Brighton") (collectively "Defendants") and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of Plaintiff's counsel in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

| Acquisitions | Date Acquired | No. Shares Acquired | Acquisition Price Per Share |
|---|---|---|---|
| Not Applicable | | | |

5. During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in the following actions filed under the federal securities laws except as detailed below: <u>No other actions</u>.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _15___ day of _December, 2008.

_____
Michael Chaleff

Please fill out the additional information. Thank you.

Name (print):   Michael Chaleff

Address:   901 N. Monroe St. #1508
           Arlington, VA 22201

County of Residence:

Daytime Phone No.:  (202) 307-0923 (work)

Evening Phone No.:  (703) 328-1805 (mobile)